UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUILLERMO SOMARRIBA GONZALEZ, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| STACEY STONE, WARDEN, | ) ) |
| Respondent. | ) ) ) |

Civ. Action No. 13-1647 (ABJ)

## MEMORANDUM OPINION

Petitioner Guillermo Somarriba Gonzalez seeks a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He claims that his appellate counsel was ineffective for failing to raise "specified claims through a D.C. Code § 23-110 [motion] during the course of the direct appeal," and that as a result, he lost his opportunity to pursue a claim of ineffective assistance of trial counsel. Pet. at 3. The record establishes, though, that petitioner raised the claim that his lawyer was ineffective on multiple occasions, and that his claim was reviewed. In any event, for the reasons explained below, the Court finds the petition untimely under the applicable statute of limitations, and it finds no grounds for equitable tolling. Accordingly, the petition will be dismissed as time-barred.

I.  **BACKGROUND**

Following a jury trial in the Superior Court of the District of Columbia, petitioner was convicted of three counts of assault with a dangerous weapon, three counts of possession of a firearm during a crime of violence, and one count of carrying a pistol without a license. *See* Resp't's Ex. 1, *Somarriba-Gonzalez v. United States*, No. 05-CF-1011, Mem. Op. and J. (D.C.

Mar. 14, 2007) [Dkt. # 15-1].  Petitioner was sentenced on July 20, 2005, to an aggregate prison term of fifteen years, followed by three years of supervised release.  The convictions arose from gun shots petitioner fired in the area of 13th and Clifton Streets, N.W., in the District of Columbia.  *Id*. at 2.  On direct appeal to the District of Columbia Court of Appeals ("DCCA"), petitioner, through counsel, argued that plain error occurred when the prosecutor was allowed "to refer to animosity and events between two 'groups' in the neighborhood, to explain the motive for the . . . shooting."  *Id*.  Petitioner also raised errors with regard to (1) the identification testimony of a government witness; (2) the government's impeachment of another of its witnesses (a target of the shooting); (3) a "concurrent intent" instruction[1]; and (4) the trial judge's response to a jury note during deliberations.  Mem. Op. and J. at 2–4.  The DCCA, "discerning no error," affirmed petitioner's convictions on March 14, 2007.  *Id*. at 1.

Petitioner subsequently filed two separate collateral motions in Superior Court to attack his convictions and two separate motions in the DCCA to recall the mandate affirming the convictions.

### A.     Collateral Motions

Petitioner filed his first collateral motion on March 14, 2008.  The Superior Court construed the filing captioned "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" as brought under D.C. Code § 23-110, and it denied relief on October 5, 2009.  Pet., Ex. 2, *U.S. v. Somarriba-Gonzalez*, No. F-770-04, Order (Super. Ct. Oct. 5, 2009) [Dkt. # 1-1] at 11-14.  Petitioner raised "two claims of prosecutorial misconduct and four claims of ineffective assistance of trial counsel," which the court found were procedurally

---

1       The DCCA found the giving of this instruction to be harmless error since petitioner was acquitted of assault with intent to kill and the evidence supported the lesser-included conviction of assault with a dangerous weapon.

barred since petitioner had not demonstrated "cause for, and prejudice from, his failure to raise [those then-available claims] on direct appeal." Order at 1–2. Nevertheless, the court proceeded to address petitioner's claims and found them "substantively insufficient to warrant relief on their merits." *Id*. at 2. The court determined that the "presumption" under DCCA precedent to hold a hearing on the ineffective assistance claim did not apply because petitioner's "arguments [were] vague and conclusory, and . . . belied by the evidentiary record." It added: "[m]ost importantly, [petitioner] [has made] no specific showing as to how he was prejudiced by his counsel's alleged deficiencies." *Id*. at 3, applying standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court found petitioner's prosecutorial misconduct claims based on alleged *Brady* violations "equally unavailing." *Id*. at 3–4.

The DCCA affirmed the Superior Court's denial of petitioner's first section 23-110 motion, on both procedural and substantive grounds, in an unpublished decision issued on December 20, 2011. Pet., Ex. 2, *Somarriba-Gonzalez v. United States*, No. 09-CO-1443, Judgment (D.C. Dec. 20, 2011) [Dkt. # 1-1] at 16.

Petitioner filed a second motion under D.C. Code § 23-110 in Superior Court on February 28, 2012, in which he again claimed that his trial counsel was ineffective. He also claimed that a new trial was warranted because the government "failed to timely disclose potentially exculpatory evidence, as is required by *Brady v. Maryland*, 373 U.S. 83 (1963)." Pet., Ex. 2, *United States v. Somarriba-Gonzalez*, No. 2004-FEL-770, Order at 2 (D.C. Super. Ct. Apr. 9, 2012 [Dkt. # 1-1] at 17–22. Despite finding the motion "procedurally barred as successive" and variations of the previously raised claims "barred as an abuse of procedure," the court explained that it would deny the motion in any event because the "allegations are vague, conclusory, and wholly incredible." *Id*. at 6. The court noted that petitioner's counsel was "an experienced and highly skilled trial

3

attorney," and other than his "own conclusory assertions," petitioner had "presented no evidence that trial counsel failed to request *Brady* material, failed to investigate, or was unprepared for trial." *Id*.

The DCCA affirmed the Superior Court's denial of petitioner's second section 23-110 motion in an unpublished decision issued on December 21, 2012, and it denied petitioner's motion for reconsideration on March 28, 2013.  *See* Resp't's Ex. 5.  In its affirmance, the DCCA determined that petitioner's motion was "properly denied . . . as procedurally barred as a successive motion."  Pet., Ex. 2, *Somarriba-Gonzalez v. United States*, No. 12-CO-684, Judgment (D.C. Dec. 21, 2012) [Dkt. # 1-1] at 23.  It also observed that the Superior Court had "properly rejected" petitioner's claims since "he failed to demonstrate cause or prejudice in failing to raise these claims in his direct appeal or prior collateral attack," and that "the trial court correctly concluded that petitioner's claims were vague and conclusory.  Therefore a hearing on the motion was not required."  *Id*.

### B. Recall Motions

On July 23, 2009, petitioner filed his first motion to recall the mandate issued on April 5, 2007, which the DCCA denied as untimely on August 13, 2009.  Resp't's Opp. at 8, quoting *Somarriba-Gonzalez v. United States*, No. 05-CF-1011, Order (D.C. Aug. 13, 2009).  *See Watson v. United States*, 536 A.2d 1056, 1059 (D.C. 1987), quoting D.C. App. R. 41(c) (a Rule 41(c) motion to recall the mandate is a proper approach to challenging previous counsel's effectiveness on appeal, provided the motion is filed "within 180 days from the issuance of the mandate").

On August 26, 2013, the DCCA denied petitioner's second motion to recall the mandate as follows:

> On consideration of appellant's motion to recall mandate, and it appearing that appellant previously filed a motion to recall the mandate that was denied by the court on August 13, 2009, it is
>
> ORDERED that appellant's motion to recall the mandate is denied. Assuming, but not deciding, that appellant is not procedurally barred from filing a successive motion to recall the mandate, appellant's assertion that his appellate counsel provided ineffective assistance by failing to file a D.C. Code § 23-110 motion on his behalf does not create a basis to recall the mandate. Appellant's motion fails to identify any specific deficiency in trial counsel's performance warranting the filing of such a motion. *See Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (providing that the appellant carries the heavy burden of setting forth in detail, "chapter and verse," a persuasive, factually based argument for recalling the mandate). Moreover, this court has previously addressed and rejected appellant's claim of ineffective assistance of trial counsel in Appeal No. 09-C0-1443.

*Somarriba-Gonzalez v. United States*, No. 05-CF-101, Order (D.C. Aug. 26, 2013) [Dkt. # 6] at 3.

Petitioner filed this section 2254 action on October 25, 2013.

## II.   ANALYSIS

### A.   Timeliness

Respondent argues correctly that the instant petition is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As a "would-be federal habeas petitioner," a D.C. prisoner must "comply with the strictures of AEDPA – the federal court's 'labyrinth' collateral review procedure." *Head v. Wilson*, 792 F.3d 102, 106 (D.C. Cir. 2015). This includes filing a federal habeas petition within one year from the date a conviction becomes final "either by conclusion of direct review (*i.e.*, denial of certiorari by the U.S. Supreme Court) or by expiration of the time for seeking direct review." *Id.*, citing 28 U.S.C. § 2244(d)(1)(A) (parenthesis in original). The statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim." 28 U.S.C. § 2244(d)(2). The "1–year limitations period [is not tolled] during the pendency of a petition for certiorari" based on the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

The DCCA affirmed petitioner's convictions on March 14, 2007. Petitioner had ninety days to petition the Supreme Court for a writ of certiorari, *see* S. Ct. R. 13(1) and *Clay v. United States*, 537 U.S. 522, 527 (2003), thereby making his conviction final on June 12, 2007. The clock ran for nine months and two days before petitioner filed his first section 23-110 motion to vacate in Superior Court. The clock stopped running between March 14, 2008, when the motion was filed, and December 20, 2011, when the DCCA affirmed the denial of that motion. Thus, petitioner had until March 20, 2012 (nine months having already run) to file his petition in this Court.[2] The filing of this action on October 25, 2013 was therefore untimely under AEDPA.[3]

---

2   December 21, 2012 marked the one-year deadline for filing the petition.

3   To the extent that petitioner suggests that the time ran from March 28, 2013, when the DCCA finally affirmed the denial of his second D.C. Code § 23-110 motion, or August 26, 2013, when the DCCA denied his second motion to recall the direct appeal mandate, *see* Pet'r's Traverse at 11, he is mistaken. Calculating the filing deadline from those dates would undermine the purpose of AEDPA's one-year limitation period, which "quite plainly serves the well-recognized interest in the finality of state court judgments [and] reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001), citing *Calderon v. Thompson*, 523 U.S. 538, 555–56 (1998). Moreover, that time calculation would contravene "AEDPA's clear purpose to . . . encourage litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Id*. at 181, citing §§ 2244(d)(1), (d)(2), 2254(b), (e)(2), 2264(a) (emphases in original). Finally, the Supreme Court has read section 2244's tolling provision in conjunction with the tolling provision governing habeas proceedings in capital cases, *see id*, which clearly states that the limitations period is tolled "from the date on which the *first* petition for post-conviction review or other collateral relief is filed until the final State court disposition of *such* petition." 28 U.S.C. § 2263(b)(2) (emphases supplied).

**B.     Tolling**

Since "obstacles may prevent a prisoner from filing a timely habeas petition, AEDPA expressly contemplates that the limitations period may be tolled."  *Head*, 792 F.3d at 106, citing § 2244(d)(1)(B)-(D).   In addition, since AEDPA's statute of limitations is not a jurisdictional bar, it may also be subject to equitable tolling.  *Id*.   But neither statutory nor equitable tolling applies here.

**1.     Statutory Tolling**

Section 2244 provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1).

Petitioner argues that the decision of the Court of Appeals in *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009), removed an impediment to federal court review of D.C. prisoners' claims of ineffective assistance of appellate counsel.  Pet'r's Traverse at 10–11 [Dkt. # 17].   In

*Williams*, the Court determined that the jurisdictional barrier to federal court review of D.C. convictions, codified in D.C. Code § 23-110(g), does not apply to claims that appellate counsel was ineffective "because the Superior Court lacks authority to entertain a section 23-110 motion [raising such claims];" thus, "that section is, by definition, inadequate to test the legality of [the prisoner's] detention." 586 F. 3d at 998. Accordingly, under the safety valve contained in section 23-110, this Court may exercise jurisdiction over a D.C. prisoner's "federal habeas petition asserting ineffective assistance of appellate counsel after the prisoner [has] moved to recall the mandate in the D.C. Court of Appeals."[4] *Id*. at 999.

The D.C. Circuit Court of Appeals has since clarified that *Williams* did not remove an impediment to federal habeas review, as petitioner argues here. Rather, *Williams* "simply made explicit what had already been implicit: when the D.C. Court of Appeals barred prisoners from raising [ineffective assistance of appellate counsel] claims under section 23-110 in the early 1980s, the plain terms of section 23-110(g) opened the door to federal habeas review for those claims." *Head*, 792 F.3d at 109. Consequently, "nothing in [the D.C. Circuit's] pre-*Williams* jurisprudence prevented [petitioner] from pursuing his [ineffective assistance of appellate counsel] claim in a timely federal habeas petition." *Id*. at 108. Furthermore, the instant petition does not present a claim based on a newly recognized constitutional right and, as evidenced by petitioner's first collateral motion, the factual predicate for his ineffective assistance claim was known to him in

---

4   In contrast, in Ground Two of the habeas petition, petitioner claims that "the miscarriage of justice exception" to a procedurally defaulted claim applies because evidence excluded from his trial establishes his actual innocence. Pet. at 21–24. But a claim of actual innocence may be brought under D.C. Code § 23-110(a) and, thus, is foreclosed in this court by subsection (g). *Ibrahim v. United States*, 661 F.3d 1141, 1143–47 (D.C. Cir. 2011).

2008.  So the December 20, 2011 date, when the DCCA affirmed the denial of petitioner's first post-conviction motion, controls to defeat a basis for statutory tolling.

### 2. Equitable Tolling

"Equitable tolling is available to a party only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014), quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (other citation omitted).  "To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been beyond its control."  *Id*.  The "delay cannot be a product of that litigant's own misunderstanding of the law or tactical mistakes in litigation."  *Head*, 792 F. 3d at 107, quoting *Menominee Indian Tribe of Wis.*, 764 F. 3d at 58.

Petitioner argues, as an extraordinary circumstance, that he was "led" to believe "during the course of the direct appeal that the right forum for [his] ineffective assistance of trial counsel's claims were through a motion [after] direct appeal pursuant to 28 U.S.C. 2255."  Pl.'s Traverse at 12.  He then posits that his "substantial rights" were "adversely affected" because claims of ineffective assistance of trial counsel "are essentially waived" under D.C. law if they are not "pursued during the pendency of the direct appeal by means of a motion in the trial court pursuant to D.C. Code § 23-110."  *Id*.  As noted above, petitioner's premise is simply wrong since the state court addressed the merits of his ineffective assistance claim on multiple occasions and rejected the claim each time.  More to the point, petitioner has not shown that his delay in filing his petition in this Court was due to any circumstances, let alone extraordinary circumstances, beyond his control.

Besides, under section 2254's deferential standard, "if a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief only if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003), quoting 28 U.S.C. § 2254(d)(1). In other words, "under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011). The Supreme Court recently reaffirmed:

> When the claim at issue is one for ineffective assistance of counsel . . . , AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. —, —, 134 S. Ct. 10, 17 (2013) . . . . In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." *Burt, supra*, at —, 134 S. Ct., at 13.

*Woods v. Etherton*, No. 15-723, 2016 WL 1278478, at *2 (U.S. Apr. 4, 2016) (per curiam). Thus, it is unclear what particular injustice would be corrected if petitioner had made a case for equitable tolling. *See Menominee Indian Tribe*, 764 F.3d at 58 ("*Holland* [*v. Florida*] emphasizes that courts must keep in view equity's purpose[] [of] correcting particular injustices.").

**CONCLUSION**

This action for a writ of habeas corpus is time-barred under AEDPA's one-year limitations period, and the circumstances support neither statutory nor equitable tolling. Accordingly, the petition will be dismissed. An order will issue separately.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE:   April 13, 2016